PROCTER & COLLIER *v.* F. J. DIEM, RECEIVER.

It is incumbent upon a party who seeks to recover upon a verbal contract, not only to establish his own understanding of it, but also to show that the other party so understood and assented to it.

HOSEA, J.

Decision on final hearing.

The plaintiffs contend that the defendant agreed to "bronze" ten thousand catalogue covers furnished them for that purpose, and did so in so unskillful a manner as rendered them unfit for use, and compelled the purchase and substitution of new material.

Defendant claims that he simply rented to plaintiffs the use of a bronzing machine, as a matter of neighborly accommodation, to be operated under direction of plaintiffs' foreman, and had no further part or responsibility in the matter.

The injury consisted of finger-marks, evidently caused by careless handling of the fine, highly-glazed sheets.

The evidence showed that the sheets were printed with the sizing in plaintiffs' shop, delivered in variable quantities as the work progressed, to boys employed by plaintiffs and by them carried through plaintiffs' shop and upstairs through an intervening hallway into and through defendant's shop and there delivered to the bronzing machine —the work occupying about two days.

There was no direct evidence as to how the soil marks occurred, but they evidently were put on the paper prior to entering the bronzing machine, and presumably between the sizing machine and the bronzing machine, and by dirty and sweaty hands. I say, presumably, because the operators of both machines were clearly shown to be skilled and careful persons accustomed to use the utmost care in such manipulation.

There is some conflict of testimony, but none at all upon the decisive features of the case, which are as follows:

(1) It is incumbent upon a party who seeks to recover upon a verbal contract not only to establish his own understanding of it, but also to show that the other party so understood and assented to it.

This has not been done. It is clearly shown by the defendant that he merely rented the use of his machine, and took no further responsibility; and the fact that plaintiffs' foreman kept close supervision of the work and admitted that he came up to see how it was going on, about ten times a day, is a strongly corroborative circumstance in connection with the further admitted fact that no claim was made after all the work was done. These defects were visible as the work progressed; and it is impossible to believe that the foreman was ignorant of them.

(2) But, taking the view of the plaintiffs as to the contract, they are required to prove the delivery of the sheets to defendant in good order and without soil marks, inasmuch as there is no proof that the marks occurred while in defendant's custody. On this basis, the proof also fails. Moreover, circumstances render it altogether probable that the soil marks occurred during the carriage of the sheets in small quantities from the sizing to the bronzing machine.

Upon the whole case the preponderance of evidence is in favor of the defendant, and judgment must be rendered accordingly.

Judgment for defendant.

*Aaron A. Ferris,* for plaintiff.
*Fred Hertenstein,* contra.